

**ORDERED in the Southern District of Florida on June 1, 2021.**

_____
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

| | |
|---|---|
| AMERICAN PURCHASING SERVICES, LLC d/b/a American Medical Depot, | Case No. 20-23495-SMG |
| DVSS ACQUISITION COMPANY, LLC, | Case No. 20-23501-SMG |
| AMD PENNSYLVANIA, LLC, and | Case No. 20-23503-SMG |
| AMERICAN MEDICAL DEPOT HOLDINGS, LLC,[1] | Case No. 20-23504-SMG |
| | Chapter 11 Cases |
| Debtors. | (Jointly Administered) |
| _____/ | |

**ORDER CONVERTING CASES UNDER**
**CHAPTER 11 TO CASES UNDER CHAPTER 7**

At a duly noticed status conference hearing conducted on May 24, 2021 at 1:30 pm, the Debtors-in-possession made an *ore tenus* motion (the "*Ore Tenus* Motion") to convert the above-captioned cases to cases under chapter 7 pursuant to 11 U.S.C. § 1112(a) for the reasons stated

---

[1] The Debtors in these cases, along with the addresses and last four digits of each Debtor's federal tax identification number, are American Purchasing Services, LLC (7158), DVSS Acquisition Company, LLC (4147), AMD Pennsylvania, LLC (1107) and American Medical Depot Holdings, LLC (4183). The address of the Debtors is

Page 1 of 12

LF-9 (rev. 03/11/16)

on the record at the hearing. Because the cases were not commenced as involuntary cases under chapter 11, nor have the cases been converted to cases under chapter 11 other than on the Debtors' request, the Court finds that the Debtors are entitled to be debtors under chapter 7.

It is **ORDERED** that:

1. The *Ore Tenus* Motion is **GRANTED** and, accordingly, these chapter 11 cases are converted to cases under chapter 7, effective as of the entry of this Order.

2. If applicable, the Debtors shall immediately remit to the clerk of court the $15.00 trustee surcharge fee prescribed by the Judicial Conference of the United States (if not previously paid by the Debtors). Failure to pay this fee will result in dismissal of these cases.

3. The Debtors or the chapter 11 trustee, shall:

   a. Forthwith turn over to the chapter 7 trustee all records and property of the estate under their custody and control as required by Bankruptcy Rule 1019(4);

   b. Within 30 days of the date of this order, file an accounting of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee; and

   c. File, within 14 days of the date of this order, a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification in the format required by Local Rule 1019-1(B). The Debtors or Debtors' attorney is required to provide notice to those creditors pursuant to Local Rule 1019-1(B). Failure to comply may also result in sanctions being imposed by the Court. Debts not listed or noticed timely will not be discharged. A copy of this schedule shall be served on the chapter 7 trustee.

4. The Debtors shall:

    a. file, within 21 days of the date of this order, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B).

    b. file, if the Debtors are individuals, within 14 days of the date of this order, the Official Bankruptcy Form(s) 122A-1 "Chapter 7 Statement of Your Current Monthly Income and Means-Test Calculation," 122A-1Supp "Chapter 7 Means Test Exemption Attachment," 122A-2 "Chapter 7 Means Test Calculation" as required under Local Rule 1019-1(L), and, if not already filed under chapter 11, payment advices as required by Bankruptcy Rules 1007(b)(1) and 1007(c) and, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under 109(h)(4).

    c. file, if the Debtors are individuals, within 30 days of the date of this order, a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. §521(a)(2)(A) and Bankruptcy Rule 1019(1)(B), and conforming to Official Form 108.

    d. file, if the Debtors are individuals, within 60 days after the first date set for the meeting of creditors under § 341, "Certification About a Financial Management Course (Official Form 423), [See Bankruptcy Rules 1007(b)(7)(A) and (c)] (unless the course provider files a certificate of completion on the debtor's behalf).

5. Pursuant to Local Rule 2016-1(C)(2), the Debtors' attorney, any examiner or trustee appointed by the court, or any other professional person employed under 11 U.S.C. § 327 or 1103, shall file within 90 days after the date of the post-conversion meeting, an application for compensation for outstanding fees and expenses incurred during the chapter 11 administration

LF-9 (rev. 03/11/16)

including an application justifying retention of any retainer received which has not been approved by a prior award. Any retainers received which are not approved will be subject to turnover to the chapter 7 trustee. The attorney for the debtor in possession, or the chapter 11 trustee (if one was appointed) shall notify all such professionals of this deadline by serving them with a copy of this order.

6. The Debtors shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(J)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

7. If this case is being converted after the confirmation of a plan, the Debtors, within 30 days of the date of this order, shall file:

    a. A schedule of all property not listed in the final report and account of the debtor in possession or chapter 11 trustee which was acquired after the commencement of the chapter 11 case but before the entry of this conversion order;

    b. A schedule of unpaid debts (and a supplemental matrix as described in paragraph 3(c)) not listed in the final report and account of the debtor in possession or chapter 11 trustee, which were incurred after the commencement of the chapter 11 case but before the entry of this conversion order, as required by Bankruptcy Rule 1019(5) and provide notice of the claims deadline as required by Bankruptcy Rule 1019(6) and Local Rule 1019-1(B) and (J); and

    c. A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 11 case, but before the entry of this conversion order.

8. The provisions of the following cash collateral orders in favor of the First Lien Agent and First Lien Lenders (but not the Second Lien Agent and Second Lien Lenders) shall

LF-9 (rev. 03/11/16)

survive conversion of these cases to Chapter 7 and shall be binding upon the Chapter 7 trustee: The *Amended Order Authorizing Debtors to: (A) use Cash Collateral; and (B) Grant Adequate Protection and Provide Security and Other Relief to (I) Wells Fargo Bank, National Association, as First Lien Agent, and the First Lien Lenders on a Final Basis and (II) WC AMD, LLC, as Second Lien Agent, and the Second Lien Lenders on an Interim Basis* entered by the Court on February 5, 2021 [ECF No. 215] (the "February 5, 2021 Cash Collateral Order"), as modified by the *Second Amended Order Authorizing Debtors to: (A) Use Cash Collateral; and (B) Grant Adequate Protection and Provide Security and Other Relief to (i) Wells Fargo Bank, National Association, as First Lien Agent, and the First Lien Lenders on a Final Basis And (ii) WC AMD, LLC, as Second Lien Agent, and the Second Lien Lenders on an Interim Basis*, dated March 5, 2021 [ECF No. 270] ("Cash Collateral Escrow Order"), as further modified by the *Third Amended Order Authorizing Debtors to: (A) Use Cash Collateral; and (B) Grant Adequate Protection and Provide Security and Other Relief to (i) Wells Fargo Bank, National Association, as First Lien Agent, and the First Lien Lenders on a Final Basis and (ii) WC AMD, LLC, as Second Lien Agent, and the Second Lien Lenders on an Interim Basis*, dated April 6, 2021 [ECF No. 306], as amended by the *Agreed Order Continuing April 29, 2021 Hearing Scheduled by Third Amended Order Authorizing Debtors to: (A) Use Cash Collateral; and (B) Grant Adequate Protection and Provide Security and Other Relief to (i) Wells Fargo Bank, National Association, as First Lien Agent, and the First Lien Lenders on a Final Basis and (ii) WC AMD, LLC, as Second Lien Agent, and the Second Lien Lenders on an Interim Basis*, dated April 28, 2021 [ECF No. 330], as amended by the *Agreed Order on Cash Collateral Use and Scheduling a Final Hearing*, dated May 7, 2021 [ECF No. 344], and as modified by the *Amended Agreed Order on*

*Cash Collateral Use and Scheduling a Final Hearing* dated May 12, 2021 [ECF No. 358] (collectively, the "Cash Collateral Orders").

        a.       Pursuant to paragraph 1(e) of the Cash Collateral Escrow Order, the aggregate amount of unpaid holdbacks escrowed in Berger Singerman LLP's trust account that have accrued since the Filing Date[2] of these cases and have been otherwise allowed for all Carveout Professionals in accordance with the Budget and Cash Collateral Orders, shall not be remitted to the Chapter 7 trustee or used for any other administrative expenses of the Debtors' estates; rather, said holdbacks shall be paid by Berger Singerman LLP to the respective Carveout Professionals in accordance with the Cash Collateral Orders and subject to the Budget upon and pursuant to the Court's approval of their final fee applications after hearing upon notice; provided however, that any retainers held by such Carveout Professionals shall be first applied against such Carveout Professionals' final fees.

        b.      Pursuant to paragraph 1(d) of the Cash Collateral Escrow Order, the aggregate amount of $175,000 in respect of allowed fees and expenses accrued and incurred by the Debtors' Carveout Professionals after the Termination Date and the aggregate amount of $25,000 in respect of allowed fees and expenses accrued and incurred by the Committee Carveout Professionals after the Termination Date, both of which sums are escrowed in Berger Singerman LLP's trust account (collectively, the "Termination Fees"), shall not be remitted to the Chapter 7 trustee or used for any other administrative expenses of the Debtors' estates; rather, the Termination Fees shall be paid by Berger Singerman LLP to the respective Carveout Professionals in connection with their services and costs after the Termination Date, including facilitating the orderly and efficient transition of these cases to Chapter 7 cases, upon and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the

LF-9 (rev. 03/11/16)

pursuant to the Court's approval of their final fee applications after hearing upon notice. For clarity, Berger Singerman LLP may seek compensation in its final fee application for services rendered after the Termination Date (as of May 25, 2021) in connection with responding to and assisting the Chapter 7 trustee with the orderly and efficient transition of these cases from Chapter 11 to Chapter 7, subject to the rights of creditors, interested parties and the Chapter 7 trustee to object. CR3 Partners, LLC shall issue an invoice setting forth its fees and costs in connection with its work, including assisting the Chapter 7 trustee and facilitating the transition of these Chapter 11 cases to Chapter 7 cases after the Termination Date (as of May 25, 2021), which shall be circulated to counsel for the Debtors, Wells Fargo, WC AMD, LLC, the U.S. Trustee and the Chapter 7 Trustee, who will have fourteen days to object by serving an objection on Debtors' counsel. If no objections are received, then Berger Singerman, LLP shall pay the fees and costs due to CR3 Partners, LLC so long as the fees and expenses accrued and incurred by the Debtors' Carveout Professionals after the Termination Date do not exceed $175,000 in the aggregate. If objections are received, Berger Singerman LLP may pay the amounts that are not the subject of an objection (so long as the fees and expenses accrued and incurred by the Debtors' Carveout Professionals after the Termination Date do not exceed $175,000 in the aggregate), the parties shall make good faith efforts to resolve the objection and, if not resolvable, the objection will be considered by the Court at a hearing upon notice.

9. Pursuant to provisions of the *Order Granting Motion for Order Authorizing Debtors to Retain and Employ Professionals Utilized in the Ordinary Course of Business* [ECF No. 147], $4,799.33 has been escrowed in Berger Singerman, LLP's trust account to pay Morrison & Foerster LLP's accrued and unpaid fees and costs through May 24, 2021 ("MoFo

---

Debtors' motion for use of cash collateral [ECF No. 13] ("Debtors' Cash Collateral Motion").

May Unpaid Amount"), which sum shall not be remitted to the Chapter 7 trustee or used for any other administrative expenses of the Debtors' estates; rather, Berger Singerman LLP shall pay $4,799.33 to Morrison & Foerster LLP upon entry of this Order.

10. Pursuant to the provisions of the *Final Order Granting Debtors' Application for Entry of Order Authorizing Debtors to Employ and Retain Prime Clerk LLC as Notice, Claims and Solicitation Agent Effective as of the Petition Date* [ECF No. 150], $24,978.42 has been escrowed in Berger Singerman, LLP's trust account to pay Prime Clerk LLC's accrued and unpaid fees and costs through May 24, 2021, which sum shall not be remitted to the Chapter 7 trustee or used for any other administrative expenses of the Debtors' estates; rather, Berger Singerman LLP shall pay $24,978.42 to Prime Clerk LLC upon entry of this Order. Prime Clerk LLC retains a $5,000 retainer and shall be authorized to use that remaining retainer to pay any additional fees and costs incurred by Prime Clerk LLC in connection with facilitating the orderly and efficient transition of these cases to Chapter 7 cases and any final services to be rendered on behalf of the Debtors' estates without further Order of this Court.

11. In order to ensure an orderly and efficient transition of these cases from Chapter 11 to Chapter 7, the First Lien Agent, on behalf of the First Lien Lenders, has consented to the Debtors' wire transfer into Berger Singerman LLP's trust account, the following additional amounts which are earmarked for the following purposes and payable by Berger Singerman LLP to the designated recipient below when directed by the First Lien Agent and, accordingly, the following amounts shall not be remitted to the Chapter 7 trustee or used for any other administrative expense of the Debtors' estates:

    a.    $5,000.00 for the Debtors' former Finance Director, Cindy Sagar, to assist the Debtors in completing their post-conversion bankruptcy schedules and statement of financial

affairs and any other related post-conversion requirements contained in this Order (collectively, "Post-Conversion Obligations");

   b. $830.00 for an IT employee formerly employed by the Debtors to assist the Debtors in retrieving information required for the Debtors to comply with their Post-Conversion Obligations;

   c. $10,000.00 for Ready Networks, the company that has migrated the Debtors' data to the cloud, for post-petition accrued and unpaid services in connection with said migration;

   d. $25,000.00 for Ready Networks or a qualified third party vendor to be chosen by the Debtors after consultation with counsel for the First Lien Agent, to effectuate access to the Debtors' financial information stored in the cloud which, to date, has been inaccessible, in order to allow the Debtors to comply with their Post-Conversion Obligations;

   e. $1,000.00 for Iron Mountain, which stores the Debtors' books and records for post-petition accrued and unpaid services in connection with said storage;

   f. $15,000.00 for payment of the U.S. Trustee's second quarterly fees for 2021;

   g. $2,534.07 to Morrison & Foerster LLP for the remaining unpaid and accrued amount due to Morrison & Foerster LLP in connection with the MoFo May Unpaid Amount; and

   h. $1,000 for filings fees in connection with the renewal of three of the Debtors' Delaware charters.

  12. To the extent that any funds remain in escrow in Berger Singerman's trust account after payment of all Court approved holdbacks in accordance with the Cash Collateral

Orders and Budget, Court approved Termination Fees and amounts due pursuant to paragraphs 9 and 10 above (collectively, "Paragraphs 8-10 Remaining Escrows"), said funds shall not be remitted to the Chapter 7 trustee or used for any other administrative expenses of the Debtors' estates; rather the Paragraphs 8-10 Remaining Escrows shall be used, after application of any retainer held by Berger Singerman LLP, solely to pay the fees and costs incurred by Berger Singerman LLP that exceeded the Budgets attached to the Cash Collateral Orders in an amount not more than $33,467.75 (collectively, the "Overage Amounts"), so long as the Overage Amounts are approved by the Court in connection with Berger Singerman LLP's final fee application after hearing upon notice. For clarity, any escrowed funds listed in paragraph 11 above remaining after payments are made to the recipients ("Paragraph 11 Remaining Escrows") shall not be applied to reduce the Overage Amounts. If any funds remain in Berger Singerman LLP's trust account after application of the Paragraphs 8-10 Remaining Escrows to pay the Overage Amounts in full, Berger Singerman LLP shall remit those funds, as well as the Paragraph 11 Remaining Escrows, to the First Lien Agent on behalf of the First Lien Lenders pursuant to wire instructions provided by its counsel for application to the Prepetition First Lien Debt in accordance with the Cash Collateral Orders, and the remittance of said funds shall not be subject to Chapter 7 trustee fees under Bankruptcy Code § 326(a). Further, to the extent that any retainers remain after application by the Carveout Professionals to such Carveout Professionals' final fees in accordance with this Order, such Carveout Professionals shall remit any remaining retainers to the First Lien Agent on behalf of the First Lien Lenders pursuant to wire instructions provided by its counsel for application to the Prepetition First Lien Debt in accordance with the Cash Collateral Orders, and the remittance of such funds shall not be subject to Chapter 7 trustee fees under Bankruptcy Code § 326(a).

LF-9 (rev. 03/11/16)

13. If these cases are rendered administratively insolvent, the Chapter 7 trustee reserves the right to enforce the statutory subordination provisions in 11 U.S.C. § 726(b).

14. The Official Committee of Unsecured Creditors appointed by the United States Trustee's office for Debtor AMD shall be dissolved upon entry of this Order.

15. **Creditors and all interested parties shall have twenty-one days from the date of entry of this Order by which to seek the reconversion of these cases to Chapter 11 and the appointment of a Chapter 11 Trustee.** Any such request must be made by way of a motion filed with the Court and served upon counsel for the Debtors, First Lien Agent, Second Lien Agent, Committee and U.S. Trustee.

16. Other than the final relief granted in favor of the First Lien Agent and First Lien Lenders in connection with the Debtors' Cash Collateral Motion as reflected in the February 5, 2021 Cash Collateral Order, the provisions of which survive the conversion of these cases to Chapter 7, all pending motions are denied as moot.

17. Nothing in this Order or the conversion of these Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code shall affect or modify the terms of any order of this Court, including without limitation, the Cash Collateral Orders and the *Order Granting Debtors' Motion for the Entry of an Order Approving a Compromise and Settlement with Johnson & Johnson Health Care Systems, Inc.*, entered on May 25, 2021 [ECF No. 369] (the "J&J Settlement Order"), entered during these Chapter 11 cases or the rights and/or remedies set forth in said orders. All amounts paid in accordance with the J&J Settlement Order and the approved Repurchase Agreement (as defined in the J&J Settlement Order) shall be remitted to the First Lien Agent on behalf of the First Lien Lenders pursuant to wire instructions provided by its counsel for application to the Prepetition First Lien Debt in accordance with the Cash Collateral

Orders, and the remittance of such funds shall not be subject to Chapter 7 trustee fees under Bankruptcy Code § 326(a).

18. No funds remitted to First Lien Agent in accordance with the Cash Collateral Orders and this Order that constitute Aggregate Collateral, subject to First Lien Agent's and First Lien Lenders' liens, shall be subject to surcharge under Bankruptcy Code § 506 or otherwise for any purpose, unless agreed to by First Lien Agent, as set forth in the Cash Collateral Orders.

19. Failure of the debtor to comply with the provisions of this order may result in dismissal of these cases without further hearing or notice.

# # #

Submitted by:
Robin J. Rubens
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: rrubens@bergersingerman.com

*(Attorney Rubens is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court.)*