TAGGED OPINION



**ORDERED in the Southern District of Florida on November 21, 2022.**

_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

AMERICAN PURCHASING SERVICES,          Case No. 20-23495-SMG
LLC d/b/a American Medical Depot, *et al.*,[1]     (Jointly Administered)

    Debtors.                                    Chapter 7
_____/

**ORDER DENYING CHAPTER 7 TRUSTEE'S
MOTION TO EXTEND THE 11 U.S.C. §§ 105, 546, AND 549 DEADLINES**

In its 2005 decision in *In re International Administrative Services, Inc.*,[2] the Eleventh Circuit held that a bankruptcy court can extend a trustee's statutory deadline under Bankruptcy Code[3] section 546(a) to commence certain adversary

---

[1] The Debtors in these cases, along with their respective main bankruptcy case numbers, are: (i) American Purchasing Services, LLC (20-23495-SMG), (ii) DVSS Acquisition Company, LLC (20-23501-SMG), (iii) AMD Pennsylvania, LLC (20-23503-SMG), and (iv) American Medical Depot Holdings, LLC (20-23504-SMG).
[2] 408 F.3d 689 (11th Cir. 2005).
[3] 11 U.S.C. §§ 101-1532.

proceedings. But just because a bankruptcy court has this authority does not mean that in every case an extension is warranted.

## Background

Chapter 7 Trustee Marc P. Barmat requested that the Court extend his statutory deadlines to commence certain actions under Bankruptcy Code sections 108, 546, and 549, for an additional 60 days, through and including February 9, 2023.[4] The Trustee asserts that these deadlines all expire on December 11, 2022, and that he and his professionals "require more time to investigate, and if actionable, prosecute estate claims against additional litigation targets, who are identified in Exhibit B to" his motion.[5] He further argues that because secured creditor Wells Fargo's claim is secured by all of the Debtors' assets, any litigation or investigation could only benefit Wells Fargo absent an agreement otherwise. But because the Trustee has not yet reached an agreement with Wells Fargo on funding any litigation and how to split any proceeds, the Trustee seeks a 60-day extension of his deadlines – through February 9, 2023 – to preserve all potential claims under 11 U.S.C. §§ 108, 546, and 549, against any party until then.

The Trustee attached to his motion a list of approximately 30 entities whom he considers to be potential litigation targets.[6] He then filed an amended list which added one more entity,[7] and then filed a second amended list which removed two

---

[4] ECF No. 531.
[5] *Id.*
[6] *Id.*, Ex. B.
[7] ECF No. 536.

entities.[8] Except for one entity for whom the Trustee did not have an address, the Trustee served his motion and the notice of hearing thereon on all of the other potential litigation targets.[9] Notwithstanding this finite list of potential litigation targets, in the proposed order attached to his motion, the Trustee asked the Court to order that the requested extension "apply to the entire universe of all potential defendants/targets."[10]

At the November 16, 2022 hearing on the motion,[11] however, the Trustee retreated from this request, and stated that he was only seeking to extend the section 546(a) deadline as to those potential litigation targets to whom copies of the motion and notice of hearing were sent. The Trustee also withdrew his request to extend the section 108 and 549 deadlines altogether, rendering that request moot. None of the potential litigation targets filed any objections to the motion or appeared at the hearing.

## Analysis

When a party requests the Court to exercise its general equitable power under Bankruptcy Code section 105(a) to affect the rights of third parties not before the Court, the Court must independently evaluate the request – even where those affected parties received notice and failed to appear and object. Bankruptcy Code section 546(a) requires that an avoidance action under sections 544, 545, 547, 548, or 553 must be commenced before the later of two years after the order for relief, or one

---

[8] ECF No. 538.
[9] ECF No. 537.
[10] ECF No. 531, Ex. A.
[11] ECF No. 534.

year after the appointment or election of a trustee.[12] Orders for relief were entered in these cases on December 11, 2020, when the Debtors filed their voluntary chapter 11 petitions.[13] These cases were converted to chapter 7 on June 1, 2021,[14] and the Trustee was appointed on June 2, 2021.[15] Thus, under section 546(a), the Trustee's deadline to commence actions under sections 544, 545, 547, 548, or 553 expires on December 11, 2022.

As a basis to extend this deadline, the Trustee argues that he need only satisfy the "for cause" standard of Federal Rule of Bankruptcy Procedure 9006, and that he has articulated sufficient "cause" for the requested extension. Rule 9006(b) provides, with certain exceptions not applicable here, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.[16]

Together with the Court's general equitable power under Bankruptcy Code section 105(a) – which allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code[17] – the Trustee argues that Rule 9006 authorizes the Court to extend this deadline.

---

[12] 11 U.S.C. § 546(a).
[13] *See* 11 U.S.C. § 301(b).
[14] ECF No. 378.
[15] ECF No. 381.
[16] Fed. R. Bankr. P. 9006(b).
[17] 11 U.S.C. § 105(a).

4

The Trustee is correct that in this Circuit, under *International Administrative Services*,[18] this Court has the authority to extend a trustee's deadline under section 546(a) to commence certain avoidance actions. But just because the Court has this authority does not mean that every case warrants the Court exercising it. The pertinent question is whether the facts of this case justify the Court exercising the extraordinary power to preemptively toll a statute of limitations?

To make this determination, the Court first turns to the facts of *International Administrative Services*, which were critical to the Eleventh Circuit's holding. In *International Administrative Services* the trustee's ability to investigate the transfers at issue was hampered by the litigation targets themselves – the debtor's founder and sole shareholder, and his associates.[19] These litigation targets delayed document production, withheld discovery responses, and claimed they had "lost" records of the transfers.[20] As a result of their discovery obstruction, the trustee had to file a motion to hold the debtor's principal (and the professionals assisting him) in contempt of court, and the bankruptcy court had to appoint a special master to administer discovery compliance.[21] Due to these challenges caused by the litigation targets themselves, the bankruptcy court extended the trustee's deadline under section 546(a) to commence avoidance actions against them.[22]

---

[18] 408 F.3d 689.
[19] *Id.* at 696.
[20] *Id.*
[21] *Id.*
[22] *Id.* at 696-97.

5

On appeal, the defendants argued that section 546(a) was a jurisdictional bar that could not be extended by the bankruptcy court. The Eleventh Circuit rejected that argument, and held that section 546 is not jurisdictional, but rather is a statute of limitations.[23] As a statute of limitations, it is subject to waiver, equitable tolling, and equitable estoppel.[24] The Eleventh Circuit then held that "[w]here, despite the exercise of due diligence, a trustee fails to timely bring an avoidance action ***due to fraud or extraordinary circumstances beyond the trustee's control***, equitable tolling prevents the expiration of § 546(a)'s limitations period."[25]

The Eleventh Circuit also held that Bankruptcy Rule 9006(b) – the rule that provides for extensions of certain time periods – provided sufficient authority for the Bankruptcy Court to extend the section 546 deadline.[26] Even though that rule refers only to time periods created by the Bankruptcy Rules or a court order – and not to periods created by statutes – the Eleventh Circuit was willing to read the phrase "by these rules . . . or by order of court" in Rule 9006 expansively to "bring all of the Federal Rules of Bankruptcy Procedure under its umbrella" – including Rule 7001, which defines an adversary proceeding as one "to recover money or property" and Rule 7003, which governs the commencement of adversary proceedings.[27] Accordingly, the Eleventh Circuit affirmed the bankruptcy court's extension of the section 546 deadline.

---

[23] *Id.* at 699.
[24] *Id.*
[25] *Id.* at 700 (emphasis added).
[26] *Id.* at 699.
[27] *Id.* This analysis, however, has been criticized by a leading bankruptcy law treatise as "involving some convoluted reasoning." 10 COLLIER ON BANKRUPTCY ¶ 9006.04 (16th ed. 2022).

6

Although *International Administrative Services* is controlling law in this Circuit – bestowing this Court with authority to grant the requested relief – this Court reads *International Administrative Services* narrowly and based on a specific set of facts.[28] It permits – but does not require – the Court to extend the section 546(a) deadline under appropriately egregious circumstances: like where the litigation targets themselves are stymying the trustee's discovery efforts. Put another way, the litigation targets cannot obstruct discovery to try to "run out the clock" on the section 546(a) deadline, and then argue that the trustee's claims are time-barred. Those circumstances warrant – according to the Eleventh Circuit – a bankruptcy court preemptively equitably tolling the statute of limitations under section 546(a).

But *International Administrative Services* does not give a trustee authority to obtain a blanket extension of the section 546(a) deadline as to all potential litigation targets whenever a trustee is not yet ready – or professes to be unable – to bring his claims. Rather, a trustee must demonstrate sufficiently egregious actions by the litigation targets or those in concert with them – similar to those detailed in *International Administrative Services* – to obtain such extraordinary relief. The record here fails to come anywhere close to making this showing. Indeed, the only proffered reason for the requested extension is that the Trustee is still negotiating

---

[28] The Court also notes that *International Administrative Services* was decided in 2005 – about a decade before the Supreme Court held in *Law v. Siegel* that a bankruptcy court may not exercise Bankruptcy Code section 105(a) and its inherent powers in contravention of the Bankruptcy Code. 571 U.S. 415, 421 (2014) ("It is hornbook law that § 105(a) 'does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.'") (quoting 2 COLLIER ON BANKRUPTCY ¶ 105.01[2], p. 105–6 (16th ed. 2013)). Although *International Administrative Services* does not specifically discuss section 105, the spirit of pre-*Law v. Siegel* section 105 jurisprudence certainly permeates the Eleventh Circuit's analysis.

with the secured creditor. This is a far cry from the egregious circumstances present in *International Administrative Services*.

Here, based on the record before the Court, there is nothing that presents facts similar (or even remotely close) to the facts of *International Administrative Services*. Nothing in the record shows that anyone has been stymying discovery efforts; there are no motions to compel on the docket; nor are there any orders to show cause or contempt orders against any of the litigation targets, or anyone else that may be involved in or the subject of the Trustee's investigations. In short, nothing in the record demonstrates anything close to the great lengths to which the trustee in *International Administrative Services* had to go to "piece together the jigsaw puzzle of transfers" in that case.[29] Accordingly, the Trustee's request to preemptively toll the section 546(a) statute of limitations will be denied.

## Conclusion

"Statutes of limitations serve important purposes in promoting the fair administration of justice."[30] On the other hand, equitable tolling – even preemptive equitable tolling in bankruptcy cases – can serve an equally important purpose in preventing wrongdoers from reaping the benefits of their own misconduct. But equitable tolling "is an extraordinary remedy" that should be used "only sparingly."[31] Just because equitable tolling is appropriate in a particular case – like *International Administrative Services* – does not mean it should be applied in every case.

---

[29] 408 F.3d at 702.
[30] *Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006).
[31] *Id.* at 1261 (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990))).

8

Bankruptcy courts must be careful in balancing the exercise of their equitable powers to remedy wrongs in the most egregious circumstances, with respecting the commercial and legal expectations of parties transacting with debtors in most ordinary circumstances. When a party transacts with an entity that ends up in bankruptcy, that party has a commercial and legal expectation that if a trustee wants to challenge any pre-petition transaction, the trustee would have to do so within two years of the order for relief. A trustee's desire – however well-intended – for more time to negotiate with a secured creditor in an attempt to maximize a recovery for unsecured creditors, must be balanced against the commercial and legal expectations of the potential litigation targets. And where there is no showing of wrongdoing by the litigation targets, their commercial and legal expectations must prevail over a trustee's desire to maximize a recovery for creditors. Accordingly, it is

**ORDERED** that:

1. The Trustee's request for an extension of the 11 U.S.C. §§ 108 and 549 deadlines is **DENIED AS MOOT**.

2. The Trustee's request to extend the 11 U.S.C. § 546(a) deadline is **DENIED ON THE MERITS**.

# # #

*Copy furnished to Marc P. Barmat, Esq., who must serve a copy of this Order on all parties entitled to service, and file a certificate of service with the Court.*